UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORIGA
MACON DIVISION

| | |
|---|---|
| **UNITED FIRE & CASUALTY COMPANY,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **WILLIE J. BILLINGSLEA, JR., CORA BILLINGSLEA, AND BUDGET SERVICES & SUPPLIES, LLC,** : <br> : <br> **Defendants.** : | Civil Action No.: 5:23-cv-484 |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

**COME NOW**, Defendants Willie J. Billingslea, Jr. (hereinafter "Defendant W.B"), Cora Billingslea (hereinafter "Defendant C.B."), and Budget Services & Supplies, LLC (hereinafter "Defendant BSS") (collectively "Defendants") and answers as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Plaintiff's Complaint includes claims that resulted solely from the Plaintiff's own negligence and thus are barred from indemnification.

### THIRD DEFENSE

The Plaintiff is bound to the affirmations and promises made to the Defendants under the doctrine of promissory estoppel and is therefore estopped from bringing this action.

**FOURTH DEFENSE**

The Plaintiff's Complaint is barred by Plaintiff's fraud.

**FIFTH DEFENSE**

The Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

**SIXTH DEFENSE**

The Plaintiff's Complaint is barred by Plaintiff's failure to mitigate its damages.

**SEVENTH DEFENSE**

The Plaintiff's Complaint is barred by the equitable defenses of laches and knowledge and acquiescence.

**EIGHTH DEFENSE**

The Plaintiff's Complaint is barred by lack of consideration.

**NINTH DEFENSE**

The enforcement of the indemnity agreement as requested by Plaintiff would violate public policy and would frustrate the purpose of the agreement.

**TENTH DEFENSE**

The Plaintiff's Complaint is barred by the defense of release as Plaintiff released the Defendants from all or some of the contract's obligations.

**ELEVENTH DEFENSE**

The Plaintiff's Complaint is barred by the doctrine of waiver and anticipatory repudiation.

**TWELFTH DEFENSE**

The Plaintiff's Complaint should be dismissed for failure to join an indispensable party under Federal Rules of Civil Procedure Rule 19.

**THIRTEENTH DEFENSE**

Defendants asserts the applicable defenses, affirmative or otherwise, provided for under the Federal Rules of Civil Procedure 12(b) including, but not limited to, lack of subject matter jurisdiction, lack of jurisdiction over the person, failure to state a claim upon which relief may be granted, failure to join a party, accord and satisfaction, laches, payment, release, res judicata, statute of limitations, and waiver.

**FOURTEENTH DEFENSE**

Defendants answers the specifically numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant W.B. admits to the allegations in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant C.B. admits to the allegations in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant BSS admits to the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants are without sufficient knowledge to admit or deny Paragraph 4 of Plaintiff's Complaint.

5.

Defendants are without sufficient knowledge to admit or deny Paragraph 5 of Plaintiff's Complaint.

6.

Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

7.

Defendants are without sufficient knowledge to admit or deny Paragraph 7 of Plaintiff's Complaint.

8.

Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants deny as pled the allegations contained in the first grammatical sentence in Paragraph 9 of Plaintiff's Complaint. Defendants admit that attached as Exhibit A is a copy of an Indemnity Agreement between Defendants and Plaintiff. Pleading further, Defendants state that the Indemnity Agreement speaks for itself. All other allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.

Defendants admit that the quoted language in Paragraph 10 of Plaintiff's Complaint is in the Indemnity Agreement attached as Exhibit A to Plaintiff's Complaint, but Defendants deny its application to this matter. Pleading further, Defendants state that the entire Indemnity Agreement speaks for itself.

11.

Defendants admit that the quoted language in Paragraph 11 of Plaintiff's Complaint is in the Indemnity Agreement attached as Exhibit A to Plaintiff's Complaint, but Defendants deny its application to this matter. Pleading further, Defendants state that the entire Indemnity Agreement speaks for itself.

12.

Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants admit that the quoted language in Paragraph 16 of Plaintiff's Complaint is in the Indemnity Agreement attached as Exhibit A to Plaintiff's Complaint, but Defendants deny its application to this matter. Pleading further, Defendants state that the entire Indemnity Agreement speaks for itself.

17.

Defendants admit that Plaintiff has made such a demand as stated in Paragraph 17 of Plaintiff's Complaint, but Defendants denies that it has any obligation to comply with such a demand under the terms of the Indemnity Agreement.

18.

Defendants admit that Plaintiff has made such a demand as stated in Paragraph 18 of Plaintiff's Complaint, but Defendants denies that it has any obligation to comply with such a demand under the terms of the Indemnity Agreement.

19.

Defendants admits that these Defendants have not deposited the collateral demanded by Plaintiff in Plaintiff's October 10, 2023. Defendants deny the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants denies as pled the allegations contained in the first grammatical sentence of Paragraph 22 of Plaintiff's Complaint. Defendants are without sufficient knowledge to admit or deny the allegations contained in the second and third grammatical sentence in Paragraph 22 of Plaintiff's Complaint.

## COUNT ONE
## SPECIFIC PERFORMANCE OF COLLATERAL DEMAND

23.

Defendants reassert their responses and answers set forth in Paragraphs 1 through 22 of this Answer as if restated fully herein.

24.

Defendants admit that Plaintiff has made such a demand as stated in Paragraph 24 of Plaintiff's Complaint, but Defendants denies that it has any obligation to comply with such a demand under the terms of the Indemnity Agreement.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants are without sufficient knowledge to admit or deny the allegations contained in the first and second grammatical sentences in Paragraph 26 of Plaintiff's Complaint. Defendants deny the remaining allegations contained in the third and fourth grammatical sentences in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## COUNT TWO
## EXONERATION

28.

Defendants reassert their responses and answers set forth in Paragraphs 1 through 27 of this Answer as if restated fully herein.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## COUNT THREE
## JUDGMENT FOR INDEMNITY

30.

Defendants reassert their responses and answers set forth in Paragraphs 1 through 29 of this Answer as if restated fully herein.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## COUNT FOUR
## ATTORNEYS' FEES

33.

Defendants reassert their responses and answers set forth in Paragraphs 1 through 32 of this Answer as if restated fully herein.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## COUNT FIVE
## INTEREST

35.

Defendants reassert their responses and answers set forth in Paragraphs 1 through 34 of this Answer as if restated fully herein.

36.

Defendants deny the allegation contained in Paragraph 36 of Plaintiff's Complaint.


Any allegations of the Plaintiff's Complaint heretofore not answered are denied.


WHEREFORE, Defendants having fully answered, prays:

(a) that the prayers of Plaintiff's Complaint be denied;

(b) that the Plaintiff's Complaint be dismissed with all costs taxed against the Plaintiff;

(c) that Defendants be awarded the cost of litigation, including attorneys fees for the defense of this action;

(d) that Defendants have a trial by jury; and

(e) that Defendants have such other and further relief as may be equitable and just.

Respectfully submitted, this 12th day of January, 2024.

                                              */s/ Christopher Gordon*
CHRISTOPHER GORDON
Georgia Bar No. 922377
*/s/ Amanda M. Morris*
AMANDA M. MORRIS
Georgia Bar No. 141676
*/s/ Spencer D. Woody*
SPENCER D. WOODY
Georgia Bar No. 256598
*Attorneys for Defendants*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA  31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cgordon@jamesbatesllp.com
amorris@jamesbatesllp.com
swoody@jamesbatesllp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing *Defendants' Answer to Plaintiff's Complaint* upon all parties through electronic filing, which will send e-mail notification of such filing to the attorneys of record, or by depositing a copy of same into the United States Mail, with sufficient postage affixed thereto, addressed as follows:

David Harris
Bovis, Kyle, Burch, & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338
*Attorney for Plaintiff*

This 12th day of January, 2024.

                                                  */s/ Christopher Gordon*
                                                  CHRISTOPHER GORDON
                                                  Georgia Bar No. 922377
                                                  */s/ Amanda M. Morris*
                                                  AMANDA M. MORRIS
                                                  Georgia Bar No. 141676
                                                  */s/ Spencer D. Woody*
                                                  SPENCER D. WOODY
                                                  Georgia Bar No. 256598
                                                  *Attorneys for Defendants*

JAMES-BATES-BRANNAN-GROOVER-LLP
P.O. Box 4283
Macon, GA  31208
(478) 742-4280 (telephone)
(478) 742-8720 (facsimile)
cgordon@jamesbatesllp.com
amorris@jamesbatesllp.com
swoody@jamesbatesllp.com