# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED FIRE & CASUALTY COMPANY,** | : |
| | : |
| **Plaintiff,** | : |
| v. | : Case No. 5:23-CV-00484-CAR |
| | : |
| **BUDGET SERVICES & SUPPLIES, LLC; WILLIE J. BILLINGLEA, JR.; AND CORA BILLINGSLEA;** | : |
| | : |
| **Defendants.** | : |
| | : |

## ORDER ON MOTION TO REQUIRE
## DEFENDANTS TO POST A SUPERSEDEAS BOND

Before the Court is Plaintiff's Motion to Require Defendants to Post a Supersedeas Bond [Doc. 37] to remain in effect during the pendency of Defendants' appeal of this Court's Order [Doc. 30] and Judgment [Doc. 31].[1] Defendants have not responded, and the time in which to do so has passed.[2]

Federal Rule of Civil Procedure 62(f) and O.C.G.A. § 5-6-46(a), read together and incorporating Georgia law, entitle Plaintiff to the posting of supersedeas bond upon its

---

[1] On July 1, 2025, the Court granted summary judgment in favor of Plaintiff, awarding Plaintiff $7,580,822.02 in damages. [Doc. 30.] On July 2, 2025, Judgment was entered. [Doc. 31.] On July 31, 2025, Defendants filed their notice of appeal. [Doc. 33.] On October 6, 2025, Plaintiff filed its Motion to Require Defendants to Post a Supersedeas Bond, requesting the Court require Defendants to post a supersedeas bond in the amount of $7,580,822.02, the unsatisfied monetary judgment. [Doc. 37].

[2] *See* Local Rule 7.2 (providing the non-movant must file a response withing 21 days after service of motion).

1

motion.[3] In accordance with O.C.G.A. § 5-6-46(a), the Court finds that a supersedeas bond in the full amount of the unsatisfied monetary judgment is appropriate to secure Plaintiff's interests and preserve the status quo.[4]

Accordingly, the Court **GRANTS** Plaintiff's motion. [Doc. 37.] Defendants must file a supersedeas bond in the amount of $7,580,822.02, the full amount of the unsatisfied monetary judgment, within ten (10) days of this Order's entry. If the supersedeas bond is not posted, Plaintiff retains the right to enforce the judgment.

**SO ORDERED,** this 6th day of November, 2025.

                s/ C. Ashley Royal_____
                C. ASHLEY ROYAL, SENIOR JUDGE
                UNITED STATES DISTRICT COURT

---

[3] *See Ohio Cas. Ins. Co. v. Beall*, No. 3:23-CV-00060-TES, 2024 WL 4584027, at *1 (M.D. Ga. Oct. 25, 2024); *Reaid v. Wilson*, No. 4:19-CV-0154-MHC, 2020 WL 4530316, at *2 (N.D. Ga. Mar. 23, 2020); *First Citizens Bank & Tr. Co., Inc. v. River Walk Farm, L.P.*, No. 1:13-CV-01488-WCO, 2015 WL 11232357, at *1 (N.D. Ga. Jan. 6, 2015); *Bennett v. Hendrix*, No. CIV.A. 1:00-CV-2520, 2007 WL 2668134, at *1 (N.D. Ga. Sept. 5, 2007). Fed. R. Civ. P. 62(f) provides "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." "A judgment in the state of Georgia is a lien upon the . . . property of the judgment debtor." *First Citizens Bank & Tr. Co., Inc.*, 2015 WL 11232357, at *1 (citing O.C.G.A. § 9-12-80). "In Georgia, after a[n] [appellant] files its notice of appeal, which acts as a supersedeas in the first instance, the [appellee] may file a motion to require a supersedeas bond under O.C.G.A. § 5-6-46(a)." *Id.* "[O]nce the [appellee] has filed a motion for a supersedeas bond, as Plaintiff has done here, the [appellant]'s entitlement to a stay of execution is subject to the requirement of a supersedeas bond." *Id.* (citing O.C.G.A. § 5-6-46(a)). "O.C.G.A § 5-6-46(a) provides that the appellee shall be entitled to the posting of a supersedeas bond upon its motion." *Bank S., N.A. v. Roswell Jeep Eagle, Inc.*, 200 Ga. App. 489, 489 (1991); *see also Bennett*, 2007 WL 2668134, at *1 ("Once the appellee moves for a supersedeas bond, it is entitled to that bond, and the Court's discretion on the question of whether a bond is necessary vanishes.").

[4] O.C.G.A. § 5-6-46(a) provides the bond "shall . . . cover . . . the judgment remaining unsatisfied . . . , unless the court . . . for good cause shown fixes a lesser amount." Defendants have not identified any reason "to depart from usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment[.]" *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (11th Cir.1979). A supersedeas bond serves the purpose of preserving the status quo and protecting the rights of the appellee during the appeal. *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986).